# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. FLORES<br><br>　　　　　Defendant.<br>_____ / | CASE NO. 1:10-cv-02169-AWI-SMS PC<br><br>FINDING AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

　　　On October 14, 2010, Plaintiff Michael Lynn Waters ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed a motion for a preliminary injunction. On March 11, 2011, Plaintiff filed a notice of change of address stating that he is now being housed at California State Prison, Sacramento. Although it is unclear from Plaintiff's motion, it appears he is requesting monetary damages for not being allowed to be single celled while housed at Corcoran State Prison.

　　　Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

　　　When an inmate seeks injunctive or declaratory relief concerning the prison where he is

incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Since Plaintiff is no longer incarcerated at Corcoran State Prison any injunctive relief he is seeking is moot.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction filed October 14, 2010, be DENIED, as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 6, 2011**               /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE