# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>R. FLORES,<br><br>　　　　　　Defendant.<br>_____ / | CASE NO. 1:10-cv-02169-AWI-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ADD HICINBOTHAM TO THIS ACTION AND DIRECTING PLAINTIFF TO FILE A COMPLAINT WITHIN THIRTY DAYS<br><br>(ECF No. 15) |

**I.     Complaint Required by Fed. R. Civ. P. 3**

On September 9, 2010, Plaintiff Michael Lynn Waters ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed a motion for a preliminary injunction. Plaintiff has not filed a complaint in this action. Findings and recommendations recommending the motion for preliminary injunction be denied are issuing separately from this order.

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. This action may not proceed without a complaint on file. By this order, Plaintiff will be provided with the opportunity to file a complaint. If Plaintiff does not wish to proceed with this civil action he may file a notice of voluntary dismissal.

Plaintiff is advised that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be

granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.   Motion to Add Defendant

On February 17, 2010, Plaintiff filed a motion to add Counselor Hicinbotham to this action. In his motion Plaintiff states that Counselor Hicinbotham is investigating because this action was filed and has been creating false reports. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An action will be dismissed for failure to exhaust, even where there has been exhaustion while the suit is pending. Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). Since Plaintiff's claims against Counselor

Hicinbotham accrued after this action was filed, Plaintiff would not have exhausted his administrative remedies and is precluded from including them in this action. Therefore, the motion will be denied.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   a. File a complaint, or
   b. File a notice of voluntary dismissal;
3. Plaintiff's motion to add Counselor Hicinbotham to this action filed February 17, 2011, is DENIED; and
4. The failure to comply with this order will result in the closure of this file.

IT IS SO ORDERED.

**Dated:   April 7, 2011**                       /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE