# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS, | CASE NO. 1:10-cv-02169-AWI-SMS PC |
| Plaintiff, | ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| v. | |
| R. FLORES, | (ECF No. 19, 21) |
| Defendant. | THIRTY DAY DEADLINE |

## I. Screening Requirement

On September 9, 2010, Plaintiff Michael Lynn Waters ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed a motion for a preliminary injunction. (ECF No. 1.) On February 17, 2011, Plaintiff filed a motion to add a defendant to this action. (ECF No. 15.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 7, 2011, findings and recommendations were issued recommending denying Plaintiff's motion for a preliminary injunction and an order denying Plaintiff's motion to add a defendant to the action. (ECF No. 19, 20.) In the order denying Plaintiff's motion, the Magistrate Judge directed Plaintiff to file an amended complaint within thirty days from the date of service of the order. Plaintiff filed objections to the findings and recommendation on May 10, 2011. (ECF No. 21.)

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Plaintiff's Allegations**

It is unclear if Plaintiff's motion for a preliminary injunction is Plaintiff's complaint. Plaintiff alleges that during an argument with CCII Rosenquist he was informed that she had spoken with Defendants Scaife, Whitford, and Flores regarding a report they had placed in his central file. The report stated that documentation from Pelican Bay State Prison ("PBSP") officials noted that Plaintiff had a propensity to refuse cell mates and manipulate staff to get a single cell and that Plaintiff had stated he would never cell with another inmate. Plaintiff received documents from a

PBSP attorney that clearly showed he had requested single cell status on March 6, 2006. CCII Rosenquist told Plaintiff that she had been speaking with "these officers" and was told they knew he had been double celled and had fights because of his OCD. Plaintiff was placed in a cell with another inmate without completing the double cell compatibility form. Plaintiff alleges that Defendants are trying to get him killed, harmed or hurt. Plaintiff was forced to double cell with a documented single cell status for severe OCD. Plaintiff is seeking $100,000 from each Defendant.

To the extent that Plaintiff's motion for a preliminary injunction was intended to be a complaint, Plaintiff has failed to state a cognizable claim.

### III.  Discussion

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 129 S. Ct. at 1948-49.

In this instance, Plaintiff has not sufficiently linked the defendants named in his complaint to any acts or omissions that purportedly led to the violation of those rights. For example, Plaintiff alleges that Defendants Scaife, Whitford and Flores placed a report in his central file stating that he would not cell with another inmate when he had requested single cell status at PBSP. Additionally, Plaintiff was double celled without signing a double cell compatibility form.

These assertions do not suffice to show that Plaintiff's constitutional rights were violated by these Defendants. Iqbal, 129 S. Ct. at 1949-50. The allegations contained in the complaint do not link the named defendants to any act or failure to act that violated his constitutional rights. Iqbal at 1949 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Jones, 297 F.3d at 934; George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

It appears that Plaintiff is attempting to perfect his claims in the objections to the findings

1  and recommendations that he filed on May 10, 2011.  To the extent that Plaintiff intended this
2  document to be his complaint in this action he has failed to state a claim as he did not specify the
3  relief requested.  Fed. R. Civ. Proc. 8(a)(3).

4  Plaintiff has previously been granted the opportunity to file a complaint clarifying the factual
5  bases for his claims against each defendant.  Plaintiff's amended need not and should not be lengthy,
6  Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the
7  violation of Plaintiff's rights.  Conclusory assertions of personal involvement or liability will not
8  suffice.  Iqbal at 1949-50.  In the paragraphs that follow, the Court will provide Plaintiff with the
9  legal standards that appear to apply to his claims.  Plaintiff should carefully review the standards and
10 amend only those claims that he believes, in good faith, are cognizable.

### A. **Eighth Amendment**

To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).  Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).  Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152.  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

### B. **Rule 8**

Plaintiff has failed to link Defendants to any actions or omissions that deprived Plaintiff of his constitutional rights. Iqbal, 129 S. Ct. at 1948; Jones, 297 F.3d at 934.  In his complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes.  (See Form Complaint, § IV, enclosed with this order.)  Plaintiff shall separate his claims, so that it is clear what his claims are and who the defendants involved are.  For each claim, Plaintiff shall clearly and succinctly set

forth the facts that Plaintiff believes give rise to the claim. Additionally, Plaintiff shall clearly caption the complaint "Complaint"

### IV. Conclusion and Order

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed April 7, 2011, are adopted in full;
2. Plaintiff's motion for preliminary injunctive relief, filed October 14, 2010, is DENIED;
3. The Clerk's Office shall send Plaintiff a § 1983 civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a complaint;
5. Plaintiff shall caption the complaint "Complaint" and
6. If Plaintiff fails to file a complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: August 9, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE