# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS, | CASE NO. 1:10-cv-02169-AWI-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO INTRODUCE DOCUMENTED EVIDENCE |
| v. | |
| R. FLORES, | (ECF No. 25) |
| Defendant. | |

Plaintiff Michael Lynn Waters ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 12, 2011, Plaintiff filed a complaint, and on October 19, 2011, Plaintiff filed a motion for permission to introduce documented evidence in which he submits additional exhibits to the complaint. (ECF No. 25.)

The Court is not a repository for the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, inmate appeals, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). At this point, the submission of evidence is premature as Plaintiff's complaint has not yet been screened. When the complaint is screened, which will occur in due course, Plaintiff is only required to state a prima facie claim for relief. Thus, will be deemed sufficient for Plaintiff to simply have stated the facts upon which he alleges a defendant has violated his constitutional rights.

If, upon screening, Plaintiff has not stated any cognizable claims, but may be able to do so, his complaint will be dismissed with leave to amend. If Plaintiff feels compelled to submit exhibits

with any such amended complaint, he may do so, but is reminded that such exhibits must be attached to the complaint and must be incorporated by reference. Fed. R. Civ. Pro. 10(c). Thus, if Plaintiff attaches exhibits to any amended complaint that he might file, each exhibit must be specifically referenced. For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3"). With regard to exhibits that are properly attached to any such amended complaint, Plaintiff is cautioned that it is the Court's duty to evaluate the factual allegations within a complaint, not to wade through exhibits, to determine whether cognizable claims are, or might be able to be stated.

Finally, for screening purposes, the Court must assume that Plaintiff's factual allegations are true. Therefore, it is generally unnecessary for Plaintiff to submit exhibits in support of the allegations in a complaint.

Accordingly, Plaintiff's motion for permission to introduce documented evidence, filed October 19, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **October 24, 2011**              /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE