# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS, | CASE NO. 1:10-cv-02169-AWI-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| R. FLORES, | (ECF No. 25) |
| Defendant. | THIRTY-DAY DEADLINE |

I.    **Screening Requirement**

       Plaintiff Michael Lynn Waters ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the complaint, filed September 12, 2011.

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

       In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1

1  Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

2  544, 555, 127 S. Ct. 1955 (2007)).

3       Under section 1983, Plaintiff must demonstrate that each defendant personally participated

4  in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

5  the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct.

6  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "[A] complaint [that]

7  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

8  between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting

9  Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations

10  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 129

11  S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

13  **II.**   **Complaint Allegations**

14       Plaintiff is in the custody of the California Department of Corrections and Rehabilitation

15  ("CDCR") and is currently incarcerated at California State Prison, Sacramento.  On May 2, 2008,

16  Plaintiff was transferred from Pelican Bay State Prison ("PBSP") to Corcoran State Prison ("CSP").

17  Plaintiff brings this action against Defendants Flores, Whitford, Scaife, and Rosenquist alleging they

18  are keeping him in lock down due to false reports that he has been cleared to be housed in a double

19  cell.  Plaintiff seeks monetary relief and an injunction directing prison officials to remove a false

20  report from his central file, to restore his points, and release him from "PSU" with single cell status.[1]

21       Plaintiff alleges that prison officials are using false reports that were placed in his central file

22  by Defendants Scaife, Flores, and Whitford on September 18, 2008.[2]  On August 11, 2010, Plaintiff

23

24     [1]Plaintiff's allegations are unclear and to the extent possible, the Court reviewed the exhibits attached to and referenced in the complaint to clarify Plaintiff's claims.

25

26     [2]On September 15, 2008, Plaintiff was interviewed regarding statements he made to the court concerning his double cell status and allegations that he was told to kill someone.  Plaintiff informed the officer that prison officials were not taking his concerns seriously and believe he is using the concerns as a manipulative attempt to gain

27  single cell status.  Plaintiff's disciplinary history was reviewed and it was determined that Plaintiff was attempting to obtain single cell status through manipulation.  Plaintiff's housing status was also reviewed.  Plaintiff's classification on double cell status was found to be appropriate.  (Compl. 48, ECF No. 23.)  All references to pagination of specific

28  documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing

had an IDTT mental health review and ICC classification hearing.  Defendant Rosenquist came to Plaintiff's cell and informed him that he would not be going to ICC on August 11, 2010.  Defendant Rosenquist gave Plaintiff lock up paperwork that falsely stated that he had been present at the ICC hearing.[3]  Plaintiff told Defendant Rosenquist that the documents in his central file were false, that he "had cell fights behind his mental health issues," and he never signed a double cell compatibility sheet. (Compl. 22, ECF No. 23.)  Defendant Rosenquist stated that the defendants were aware of the cell fights.

Plaintiff sent an inmate request for interview requesting copies of any double cell compatible inmate sheets signed by him.  Defendant Whitford responded that Plaintiff needed to request copies from his counselor, who was Defendant Rosenquist. (Id. at 23, 50.)  Defendant Rosenquist denied Plaintiff's request for copies because he did not have funds available in his inmate account. (Id. at 23, 52-53.)

Plaintiff filed an appeal that was denied at the first level because he did not meet the single cell criteria under either the mental health or custody standard.  The first and second level appeals stated that no legal or official documents from PBSP dated May 9, 2008, could be located in Plaintiff's central file to show that he was on single cell status at PBSP prior to transferring to CSP. Plaintiff received the Director's Level response in which Defendant Rosenquist stated that he needed to contact PBSP officials to have them remove any false reports from his central file that cleared Plaintiff to double cell.

Plaintiff filed an inmate appeal requesting the report of September 18, 2008, be removed from his central file.  The appeal was denied by Defendants Scaife, Whitford, and Flores.  Plaintiff was transferred from CSP on March 1, 2011, and Plaintiff claims that Defendant Scaife could have stopped the transfer and Plaintiff would have been removed from lock down.

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief.

---

system.

[3]The document stated that Plaintiff had waived his appearance at the hearing, and a case conference was held at the cell door and Plaintiff disagreed with the decision of the committee to double cell.  (Compl. 68, ECF No. 23.)

1  Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies

2  described by the Court in this order.  Section 1983 provides a cause of action against "[e]very person

3  who, [under color of state law] subjects, or causes to be subjected, any citizen of the United States

4  or other person within the jurisdiction thereof to the deprivation of any rights, privileges or

5  immunities secured by the Constitution and laws." 42 U.S.C. § 1983.  While Plaintiff complains that

6  he is being denied single cell status and a false report was placed in his central file, the complaint

7  fails to set forth the "rights, privileges or immunities secured by the Constitution and laws" of which

8  he has been deprived.  In the paragraphs that follow, the Court will provide Plaintiff with the legal

9  standards that appear to apply to his claims.  Plaintiff should carefully review the standards and

10  amend only those claims that he believes, in good faith, are cognizable.

11  **III.   Discussion**

12       **A.       Eighth Amendment**

13       The denial of single cell status by itself does not rise to the level of an Eighth Amendment

14  violation.  See Rhodes v. Chapman, 452 U.S. 337 (1981).  To prove a violation of the Eighth

15  Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently

16  serious,' and make a subjective showing that the deprivation occurred with deliberate indifference

17  to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations

18  omitted).  This requires factual allegations sufficient to show that "prison officials were aware of a

19  "substantial risk of serious harm" to an inmate's health or safety and that there was no "reasonable

20  justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825,

21  837, 844 (1994)).  "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019;

22  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and Plaintiff's allegations that he is being

23  denied single cell status based upon a false report in his central file is insufficient to state a

24  cognizable claim under the Eighth Amendment.

25       It is unclear from the complaint what Plaintiff's custody status was during the incidents

26  alleged in the complaint; however a review of Plaintiff's exhibits indicates that he may have been

27  housed in administrative segregation.  Plaintiff requests release from "PSU" status and states he is

28  on lock down.  Prison conditions that are restrictive or harsh do not necessarily violate the Eighth

4

1    Amendment. Farmer, 511 U.S. at 833. Plaintiff has failed to set forth factual allegations sufficient

2    to state an Eighth Amendment claim based upon his conditions of confinement.

3         **B.    Due Process**

4         The Due Process Clause protects against the deprivation of liberty without due process of

5    law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause

6    of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which

7    the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom

8    from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480,

9    115 S. Ct. 2293, 2298 (1995). A prisoner has a liberty interest protected by the Due Process Clause

10   only where the restraint "imposes atypical and significant hardship on the inmate in relation to the

11   ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting

12   Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

13        To the extent that Plaintiff attempts to state a due process claim based upon the revocation

14   of his single cell status, Plaintiff has no constitutional right to have his own cell. See Cox v. Palmer,

15   No. 3:08-cv-00663-ECR (RAM), 2011 WL 4344047, *13 (D. Nev. July 27, 2011) (finding no

16   protected liberty interest in having single cell status where single cell status was revoked); Wyatt v.

17   Stratton, 2:06-cv-05210FCD-KJM, 2009 WL 385613 * 2 (E.D. Cal. Feb. 12, 2009) (concluding

18   inmate had no due process claim as a result of revocation of his single cell status). Double celling

19   of inmates does not "impose atypical and significant hardship in relation to the ordinary incidents

20   of prison life," Keenan, 83 F.3d at 1088, and the Constitution does not grant a liberty interest in

21   being confined in a single cell. Nor has California created such an interest as prisoners are expected

22   to double cell pursuant to CDCR policy. Cal. Code. Regs., tit. 15 § 3269.

23        The Due Process Clause itself does not contain any language that grants a broad right to be

24   free from false reports, but guarantees certain procedural protections to defend against false

25   accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). Plaintiff does not have a

26   liberty interest in being free from false reports being included in his central file.

27        To the extent that Plaintiff is attempting to allege a claim based upon his housing assignment,

28   the Due Process Clause does not "create a liberty interest in freedom from administrative

segregation." <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1091 (9th Cir. 1985), <u>abrogated in part on other grounds by</u> <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).  Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration. <u>Toussaint</u>, 801 F.2d at 1091 (quoting <u>Hewitt v. Helms</u>, 459 U.S.460, 468 (1983)).  The Ninth Circuit has concluded that prisoners have no general liberty interest in remaining free from administrative segregation or solitary confinement. <u>See</u> <u>May v. Baldwin</u>, 109 F.3d 557, 565 (9th Cir.1997).

### C.   Title 15

Section 1983 provides a cause of action where a state actor's "conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." <u>Leer v. Murphy</u>, 844 F.2d 628, 632 (9th Cir. 1987) (quoting <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986)).  There is no independent cause of action for a violation of Title 15 regulations.  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting <u>Lovell v. Poway Unified Sch. Dist.</u>, 90 F.3d 367, 370 (9th Cir. 1996).  Nor is there any liability under § 1983 for violating prison policy. <u>Cousins v. Lockyer</u>, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting <u>Gardner v. Howard</u>, 109 F.3d 427, 430 (8th Cir. 1997)).  Plaintiff may not state a federal claim based upon prison officials failure to have him sign a double cell compatibility form.

### D.   Injunctive Relief

The Prison Litigation Reform Act places limitations on injunctive relief.   Section 3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

When an inmate seeks injunctive or declaratory relief concerning the prison where he is

incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Plaintiff is no longer housed at CSP and the relief he is seeking, to be released from "PSU" with single cell status, is not available in this action.

### E.    Exhibits

Plaintiff's complaint contains eighty five pages of exhibits. Plaintiff is advised that the Court will not wade through exhibits attached to the amended complaint to determine whether he has stated a cognizable claim. The Court is not a repository for the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, inmate appeals, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Thus, in amending his complaint, Plaintiff would do well to simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

If Plaintiff feels compelled to submit exhibits with his amended complaint, he is reminded that such exhibits must be attached to the complaint and must be incorporated by reference. Fed. R. Civ. Pro. 10(c). With regard to exhibits that are properly attached to the complaint, Plaintiff is cautioned that it is the Court's duty to evaluate the factual allegations within a complaint, not to wade through exhibits, to determine whether cognizable claims have been stated.

If Plaintiff attaches exhibits to his amended complaint, each exhibit must be specifically referenced. For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. **Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit** (i.e. "See Exhibit A, page 3"). Finally, the Court reminds Plaintiff that the Court must assume that Plaintiff's factual allegations are true. Therefore, it is generally unnecessary for Plaintiff to submit exhibits in support of the allegations in a complaint.

///

7

1    **IV.    Conclusion and Order**

2            For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

3    a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within

4    thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the

5    nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507

6    F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

7            Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

8    named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

9    Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the

10   duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

11   caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although

12   accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

13   speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

14           Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

15   114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

16   be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

17   causes of action alleged in an original complaint which are not alleged in an amended complaint are

18   waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

19   Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

20           Based on the foregoing, it is HEREBY ORDERED that:

21   1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

22   2.      Plaintiff's complaint, filed September 12, 2011, is dismissed for failure to state a

23           claim upon which relief may be granted under section 1983;

24   3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

25           amended complaint; and

26   ///

27   ///

28   ///

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    **February 14, 2012**              **/s/ Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE