1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  MICHAEL LYNN WATERS,                     CASE NO. 1:10-cv-02169-AWI-BAM PC

10                            Plaintiff,     FINDINGS AND RECOMMENDATIONS
                                            RECOMMENDING DISMISSING ACTION,
11        v.                                 WITH PREJUDICE, FOR FAILURE TO
                                            STATE A CLAIM
12  R. FLORES,
                                            (ECF No. 28)
13                            Defendant.
                                        /   OBJECTIONS DUE WITHIN THIRTY DAYS
14  _____

15  **I.    Screening Requirement**

16        Plaintiff Michael Lynn Waters ("Plaintiff") is a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on October

18  14, 2010.  On February 14, 2012, an order issued dismissing the complaint, with leave to amend, for

19  failure to state a claim.  (ECF No. 27.)  Currently before the Court is the first amended complaint,

20  filed March 14, 2012.  (ECF No. 28.)

21        The Court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

25  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

26        In determining whether a complaint states a claim, the Court looks to the pleading standard

27  under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

28  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.   Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections ("CDCR") and is incarcerated at California State Prison ("CSP"), Sacramento. Plaintiff alleges that while he was housed at Pelican Bay State Prison, prison officials mistakenly placed Plaintiff in their "BMU" program for refusing to double cell. Plaintiff was then sent to Corcoran State Prison ("Corcoran"), where the same mistake was made. (First Amend. Compl. 5,[1] ECF No. 28.)

On September 18, 2008, Defendant Scaife was ordered by Defendant Whitford to investigate Plaintiff's mental health concerns to determine whether Plaintiff needed to be single celled. Defendants Scaife and Flores stated in the report that they reviewed Plaintiff's central file and mental health file. (Id. at 3.) Defendant Whitford ordered the investigation because he was told about this civil action. Plaintiff claims that he reviewed the report and it is false. Plaintiff states that Defendant

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

Scaife never completed the investigation to remove this false report, and Plaintiff is being punished for refusing to double cell. (Id. at 4.)

Defendant Rosenquest, Plaintiff's prison counselor, told Plaintiff that she spoke with Defendants Whiford, Scaife, and Flores who told her they knew Plaintiff was being illegally double celled and fighting with other inmates due to his obsessive compulsive disorder. Defendant Rosenquest failed to protect Plaintiff from being double celled. (Id. at 5.) Plaintiff states that at CSP-Sacramento he is required to ride a golf cart with other inmates "and fighting by spitting, kicking, headbutting, coming out of their handcuffs." (Id. at 4.)

For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief. Plaintiff has been given the opportunity to file an amended complaint with direction of the Court to cure the deficiencies in his complaint. Plaintiff has now filed two complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983. The Court finds that the deficiencies are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**III.   Discussion**

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). "The Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400 (1981), and requiring an inmate to double cell does not by itself rise to the level of an Eighth Amendment violation, Rhodes, 452 U.S. at 345-352, 101 S. Ct. at 2398-2402. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege

3

1   facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of

2   serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S. C5. 1970, 1984

3   (1994); Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010); Frost v. Agnos, 152 F.3d 1124,

4   1128 (9th Cir. 1998).

5       Plaintiff has failed to show that he was at a substantial risk of serious harm from being

6   required to double cell at Corcoran.  Although Plaintiff alleges that he is required to ride in a golf

7   cart with other inmates while housed at CSP-Sacramento, this is unrelated to his cell status, and the

8   conditions he is currently subjected to are irrelevant to Plaintiff's claims regarding his conditions of

9   confinement while housed at Corcoran.

10      Construing Plaintiff's claim that he is being illegally double celled as a claim that his cell

11  status violates CDCR regulations, section 1983 provides a cause of action where a state actor's

12  "conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution

13  or laws of the United States."  Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt

14  v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981), overruled on other grounds, Daniels v.

15  Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986)).  There is no independent cause of action

16  for a violation of Title 15 regulations.  "To the extent that the violation of a state law amounts to the

17  deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

18  [s]ection 1983 offers no redress."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.

19  1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996).

20      Finally, Plaintiff has failed to state cognizable claim for a violation of due process.  The Due

21  Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v.

22  Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005).  Plaintiff has not identified a liberty

23  interest that would require the protections of due process.  Id.  The Due Process Clause does not

24  confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence,

25  Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995), and requiring Plaintiff to double

26  cell does not impose "atypical and significant hardship on the inmate in relation to the ordinary

27  incidents of prison life."  Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515

28  U.S. at 484, 115 S. Ct. at 2300).

1   The Due Process Clause itself does not contain any language that grants a broad right to be

2   free from false accusations, but guarantees certain procedural protections to defend against false

3   accusations.  Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).  Therefore, in order to state

4   a claim the false report must have been used to deprive Plaintiff of a liberty interest without due

5   process.  While Plaintiff appears to allege that the false report is being used to require Plaintiff to

6   double cell, Plaintiff does not have a liberty interest in being single cell status.

7   **IV.    Conclusion and Recommendations**

8   The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be

9   granted under § 1983 against any named defendant.  Under Rule 15(a) of the Federal Rules of Civil

10  Procedure, leave to amend 'shall be freely given when justice so requires.'"  In addition, "[l]eave to

11  amend should be granted if it appears at all possible that the plaintiff can correct the defect."  Lopez

12  v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action

13  Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court.

14  Plaintiff has now filed two complaints without alleging facts against any of the defendants sufficient

15  to state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable

16  of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C.

17  § 1915(e)(2)(B)(ii); Noll, 809 F.2d at 1448-49.

18  Accordingly, based on the foregoing, the Court  HEREBY RECOMMENDS that this action

19  be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief can be

20  granted.

21  These findings and recommendations will be submitted to the United States District Judge

22  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

23  days after being served with these findings and recommendations, Plaintiff may file written

24  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

25  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

26  ///

27  ///

28  ///

5

1  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

2  1153 (9th Cir. 1991).

3        IT IS SO ORDERED.

4  **Dated:**  **March 15, 2012**          **/s/ Barbara A. McAuliffe**
                                                UNITED STATES MAGISTRATE JUDGE