# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS,<br><br>               Plaintiff,<br><br>    v.<br><br>R. FLORES,<br><br>               Defendant.<br>_____ / | CASE NO. 1:10-cv-02169-AWI-BAM PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br><br>(ECF No. 29)<br><br>THIRTY DAY DEADLINE |

Plaintiff Michael Lynn Waters ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 16, 2012, the Magistrate Judge filed a Findings and Recommendations herein which was served on Plaintiff and which contained notice to Plaintiff that any objections to the Findings and Recommendations were to be filed within thirty days.[1] On March 29, 2012, plaintiff filed an Objection.

In his Objection, Plaintiff states that the Magistrate Judge failed to address his claim of retaliation. In his First Amended Complaint, Plaintiff states that Defendant Whitford ordered the investigation into whether Plaintiff should be single celled because he was informed of the civil action against him. (First Am. Compl. 5, ECF No. 28.) To the extent that the Court understands

---

[1] The Findings and Recommendations stated that Plaintiff had previously been informed of the legal standards that applied to his claims. The Court notes that Plaintiff was previously informed of the legal standards that applied to his claims in orders filed on August 10, 2011, and February 14, 2012. (ECF Nos. 22, 27.)

1

Plaintiff's allegations, Defendant Whitford ordered an investigation into whether Plaintiff should be single celled because Plaintiff was refusing to double cell. A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). Plaintiff has failed to show that any adverse action was taken against him because of his protected activity. Since Plaintiff has not previously been provided with the legal standard for a retaliation claim, the Court shall grant Plaintiff one final opportunity to amend his complaint to correct the deficiency of his retaliation claim.

Plaintiff also alleges the Magistrate Judge reviewed his exhibits which support his claims. As Plaintiff was previously informed in the orders filed on October 25, 2011, and February 14, 2012, if exhibits are attached to the complaint they must be incorporated by reference. Fed. R. Civ. Pro. 10(c). With regard to exhibits that are properly attached to the complaint, Plaintiff was cautioned that it is the Court's duty to evaluate the factual allegations within a complaint, not to wade through exhibits, to determine whether cognizable claims have been stated.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed March 16, 2012, is adopted in part and Plaintiff's claims of deliberate indifference in violation of the Eighth Amendment and denial of due process in violation of the Fourteenth Amendment are dismissed, with prejudice, for Plaintiff's failure to state a cognizable claim under section 1983;
2. Within thirty days from the date of service of this order Plaintiff shall file an amended complaint setting forth his retaliation claims;

///

3. Failure to file an amended complaint in compliance with this order will result in dismissal of this action for failure to state a claim; and

4. This action is referred back to the Magistrate Judge.

IT IS SO ORDERED.

Dated:  April 27, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE