# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS, | CASE NO. 1:10-cv-02169-AWI-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| R. FLORES, | (ECF No. 32) |
| Defendant. | |
| _____ / | OBJECTIONS DUE WITHIN THIRTY DAYS |

### Findings and Recommendations

## I.   Background

Plaintiff Michael Lynn Waters ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on October 14, 2010.  On February 14, 2012, the complaint was screened and dismissed, with leave to amend, for failure to state a claim.  (ECF No. 27.)  On March 16, 2012, the first amended complaint was screened and findings and recommendations issued recommending dismissing this action, with prejudice, for failure to state a claim.  (ECF No. 29.)  On April 30, 2012, an order issued adopting the findings and recommendations in part and Plaintiff's claims arising under the Eighth and Fourteenth Amendment were dismissed with prejudice, and Plaintiff was granted the opportunity to file an amended complaint setting forth his retaliation claims.  (ECF No. 31.)  Currently before the Court is the second amended complaint, filed May 21, 2012.  (ECF No. 32.)

## II.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a

1

1   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

2   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

3   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

4   monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

5        A complaint must contain "a short and plain statement of the claim showing that the pleader

6   is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

7   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

8   do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell

9   Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

10        Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

11   liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

12   higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive

13   screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to

14   allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,

15   Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.

16   2009). The "sheer possibility that a defendant acted unlawfully" is not sufficient, and "facts that are

17   'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.

18   Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

19        Further, under section 1983, Plaintiff must demonstrate that each defendant personally

20   participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

21   Although a court must accept as true all factual allegations contained in a complaint, a court need

22   not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

23   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

24   do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

25   **III.    Second Amended Complaint Allegations**

26        Plaintiff alleges that "due to filing to the District Court for reasonable safety", Defendants

27

28

1   Scaife and Flores made up a false report and presented it to the warden.  (Sec. Am. Compl. 3,[1] ECF

2   No. 32.)  Plaintiff alleges that Defendants Scaife and Flores selected the reports with the intention

3   to punish him for writing to the court to inform them that Corcoran officials were forcing Plaintiff

4   to double cell when he had a mental health single cell status.  Plaintiff contends that the reports they

5   selected had nothing to do with single cell status and that Pelican Bay State Prison had sent court

6   documents clearing Plaintiff prior to the report being issued.  (Id. at 4.)

7        The report references an incident on May 21, 2003, for threatening to stab another inmate,

8   but this was not due to single cell status.  Another report referenced was dated April 29, 2003, and

9   stated the Plaintiff disobeyed orders in an attempt to get transferred from CMF.  (Id.)  Other reports

10  included were dated April 19, 2004, and May 2, 2008, showing Plaintiff had been placed on suicide

11  watch.  A January 5, 2004 report was a false note written to move Plaintiff to lock up because he

12  owed another inmate money.  (Id. at 5.)  Plaintiff had a chrono for single cell status at Pelican Bay

13  State Prison in his central file that was removed by Defendant Whitford the same date that Plaintiff

14  was placed on temporary single cell status by Defendant Whitford.  (Id. at 6.)

15  **IV.   Discussion**

16       A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation

17  under section 1983.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  A viable claim of

18  retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a

19  state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

20  conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

21  (5) the action did not reasonable advance a legitimate correctional goal."  Rhodes v. Robinson, 408

22  F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

23       A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against

24  for exercising his constitutional rights and that the retaliatory action does not advance legitimate

25  penological goals, such as preserving institutional order and discipline."  Barnett v. Centoni, 31 F.3d

26  813, 816 (9th Cir. 1994).  The plaintiff does not need to show actual inhibited or suppressed speech,

27

28       [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners
     via the CM/ECF electronic court docketing system.

3

1    but that there was a chilling effect upon his speech. <u>Rhodes</u>, 408 F.3d at 569. The burden is on the

2    plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct.

3    <u>Pratt</u>, 65 F.3d at 807.

4         Plaintiff alleges that Defendants Scaife and Whitford filed a false report in retaliation for

5    Plaintiff informing the court that he was being double celled. The report at issue states that Plaintiff

6    was interviewed "in regard to written statements he had made to the court concerning his double cell

7    status and his allegation that he was told to kill someone. . . During the interview, [Plaintiff] stated

8    that he had not intended to threaten the life of any inmate however he was concerned with the idea

9    that a cellmate may not accept his activities in the cell, which are related to his diagnosed Obsessive

10   Compulsive Disorder (OCD)." (ECF No. 32 at 10.) After interviewing Plaintiff and reviewing his

11   disciplinary history, the report concludes that "it is apparent that [Plaintiff] is attempting to secure

12   single cell status through manipulation. Prior classification actions placing [Plaintiff] on double cell

13   status are deemed appropriate." (<u>Id.</u> at 10-11.) In this instance, Plaintiff was interviewed and the

14   report was issued based upon his complaints to the court that he was being denied single cell status.

15   The review of Plaintiff's file showed that he did not have a history of in cell predatory or assaultive

16   behavior towards other inmates and the decision was made that double cell status was appropriate.

17   Because Plaintiff has failed to allege that facts to show the absence of a legitimate correctional goal

18   for the alleged conduct, <u>Pratt</u>, 65 F.3d at 807, the second amended complaint fails to state a

19   cognizable claim.

20   **V.**   **Conclusion and Recommendation**

21        The Court finds that Plaintiff's second amended complaint fails to state any claims upon

22   which relief can be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure,

23   leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend

24   should be granted if it appears at all possible that the plaintiff can correct the defect." <u>Lopez v.</u>

25   <u>Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action

26   Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court.

27   Plaintiff has now filed three complaints without alleging facts against any of the defendants

28   sufficient to state a claim under § 1983. The Court finds that the deficiencies outlined above are not

capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 4, 2012**            **/s/ Barbara A. McAuliffe**
                                                           UNITED STATES MAGISTRATE JUDGE